IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LLOYD DEWEY SCHOONMAKER, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04cv3250 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing no. 21, the Motion to Dismiss filed by the defendant, the Nebraska Department of Correctional Services ("DCS"). DCS, an agency of the State of Nebraska, invokes the State's sovereign immunity from claims for damages by private parties.

In filing no. 24, the plaintiff concedes the defendant's Motion to Dismiss based on sovereign immunity, and he states that he will not contest filing no. 21. However, based on filing no. 25, it appears that the plaintiff may intend to preserve some aspect of his claim, although possibly not in this court.

At any rate, the defendant is correct that State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a private party from suing the State or its agencies and instrumentalities, except insofar as the State or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to this case.

Furthermore, "[a] State's constitutional interest in its sovereign immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See also Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." See also Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the

State's own tribunals." Accord <u>Trevelen v. University of Minnesota</u>, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. <u>Board of Trustees of Univ. of Alabama v. Garrett,</u> 531 U.S. 356, 363 (2001).

Because DCS is an agency of the State of Nebraska, the defendant shares the State's sovereign immunity under the Eleventh Amendment. See, e.g., <u>Nebraska Methodist Health System, Inc. v. Department of Health</u>, 543 N.W.2d 466, 469 (Neb. 1996): "Generally speaking, a suit against a state agency is a suit against the State itself." Accord <u>County of Lancaster v. State, Dept. of Public Institutions</u>, 529 N.W.2d 791, 794 (Neb. 1995): "For the purposes of applying the doctrine of sovereign immunity, a suit against an agency of the state is the same as a suit against the state."

Consequently, the defendant must be dismissed from this litigation. However, the dismissal will be without prejudice.

THEREFORE IT IS ORDERED:

1. That filing no. 21, the defendant's Motion to Dismiss, is granted;

2. That the plaintiff's complaint, as supplemented, and this action are dismissed without prejudice; and

3. That a separate judgment will be entered accordingly.

DATED this 20th day of May, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
Chief District Judge